[Cite as *State v. Ruvolo*, 2015-Ohio-5417.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102569**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC J. RUVOLO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-586701-A and CR-14-591207-A

**BEFORE:** Celebrezze, A.J., Jones, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**ATTORNEYS FOR APPELLANT**

Paul A. Mancino
Mancino Mancino and Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113-2098

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Sarah E. Gatti
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Yosef M. Hochheiser
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

**{¶1}** Appellant, Eric J. Ruvolo, brings the instant appeal challenging his two-year prison sentence imposed for two cases involving fifth-degree felonies. He argues the sentences constitute cruel and unusual punishment, that he was denied his right to a trial by jury where the court made findings necessary to impose consecutive sentences, and that the findings made by the court are not supported in the record. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** In June 2014, appellant sold heroin to a confidential informant. For this he was arrested, and, in Cuyahoga C.P. No. CR-14-586701-A charged with two counts of drug trafficking, violations of R.C. 2925.03(A)(1) and (2), and two counts of drug possession, violations of R.C. 2925.11(A). Appellant pled guilty to one fifth-degree felony count of drug trafficking, a violation of R.C. 2925.03(A)(1), and the other counts were dismissed. On August 19, 2014, appellant was sentenced to a one-year period of community control.

**{¶3}** In November 2014, appellant was found to be in possession of stolen jewelry and arrested. Appellant was charged in Cuyahoga C.P. No. CR-14-591207-A with receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51(A). On November 18, 2014, the trial court entered an order in CR-586701, remanding appellant

pending a hearing on an alleged violation of the terms of community control as a result of this charge.

{¶4} In CR-591207, appellant, on January 6, 2015, pled guilty to receiving stolen property as set forth in the indictment. The court then immediately proceeded to hold a combined sentencing hearing. After hearing from the victim's son, the state, and appellant, the court imposed a 12-month prison sentence. The court also found that appellant was in violation of his community control in CR-586701. The court terminated appellant's community control and imposed a 12-month prison term. The court also ordered the sentence imposed be served consecutive to the 12-month sentence in CR-591207, for a total of 24 months.[1]

{¶5} Appellant then filed the instant appeal assigning three errors for review:

I. [Appellant] was denied due process of law and subjected to a cruel and unusual punishment when the court imposed maximum consecutive sentences for fifth degree felonies.

II. [Appellant] was denied his rights under the Sixth Amendment when he was consecutively sentenced to maximum terms of imprisonment based on judicial factfinding.

III. [Appellant] was denied due process of law when the court only rotely recited the statutory criteria for imposition of consecutive sentences.

## II. Law and Analysis

### A. Cruel and Unusual Punishment

---

[1]Appellant was also on community control in a third case, Cuyahoga C.P. No. CR-13-580133-A, but the court simply terminated community control in that case at the sentencing hearing.

**{¶6}** Appellant first argues his 24-month sentence constitutes cruel and unusual punishment.

**{¶7}** The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Decisions of the U.S. Supreme Court that do not deal with capital punishment or life sentences without the possibility of parole have indicated the Eighth Amendment offers very little in the way of a check on a legislature's ability to affix penalties to crimes. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). For instance, the court has rejected mandatory life without parole and capital sentences for juvenile offenders. *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005); *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). If the Eighth Amendment offers any proportionality protection at all, it is a very narrow element that only applies to grossly disproportionate penalties. *Harmelin* at 998-999 (Kennedy, J., concurring in part and concurring in judgment).[2]

**{¶8}** Similarly, the Ohio Supreme Court has recognized that the Eighth Amendment is applicable only to the very rare case where the penalty imposed would be "'considered shocking to any reasonable person.'" *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 715 N.E.2d 167 (1999), quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). Further, "[a]s a general rule, a sentence that falls within the

---

[2]Justice Scalia's lead opinion joined only by one other justice on this point would hold that it offered no protection. *Harmelin* at 962-994.

terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle* at 69.

{¶9}   Here, there is no dispute that each 12-month sentence falls within the statutory range for a fifth-degree felony.   Appellant argues that he has an addiction that requires treatment rather than prison.   Appellant does not make a serious argument that the sentences imposed shocks the conscience of the average citizen for a person who was twice given community control and a chance at treatment and rehabilitation and violated those terms by selling drugs and being found in possession of thousands of dollars in stolen property taken from the home of elderly residents.   As the trial court noted, appellant had a lengthy criminal history dating back almost 20 years with no sign of being amenable to community control sanctions.   The court had previously offered appellant drug treatment, community based correctional services, and services for treatment through community control.   Despite numerous opportunities, appellant failed to benefit from any of these programs and continued to commit crimes.   The consecutive 12-month prison sentences do not constitute cruel and unusual punishment.

{¶10} Appellant's first assignment of error is overruled.

### B.   Judicial Factfinding

{¶11} Appellant next argues that his right to trial by jury was violated when the court made specific findings necessary to impose consecutive sentences.   He argues that judicial factfinding necessary to impose consecutive sentences violates this constitutional

right as set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and other cases.

{¶12} The Sixth Amendment provides in part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *." The U. S. Supreme Court has held that "the Sixth Amendment's jury-trial guarantee requires that the jury, rather than the judge, determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular crime." *Oregon v. Ice*, 555 U.S. 160, 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Ohio Supreme Court applied *Apprendi* and *Blakely* and held that judicial findings necessary to impose consecutive sentences also violated the Sixth Amendment. *Foster* at ¶ 83.

{¶13} After *Foster* was decided, the U.S. Supreme Court decided a case that stated factfinding that had traditionally been within the prerogative of the legislature, such as whether to impose sentences consecutively, was not prohibited by the Sixth Amendment. *Ice* at 168. The Ohio Supreme Court thereafter recognized that judicial factfinding necessary to impose consecutive sentences did not violate the Sixth Amendment. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Therefore, appellant's right to trial by jury

was not violated when the court made findings necessary for the imposition of consecutive sentences.

{¶14} Appellant's second assignment of error is overruled.

### C. Findings Necessary for Consecutive Sentences

{¶15} Finally, appellant argues that the court did not give serious consideration to the factors necessary for imposing consecutive sentences and only rotely recited the statutory factors.   Appellant's argument is contrary to the record in this case.

{¶16} This court reviews a trial court's decision to impose consecutive sentences under the standard set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b)   That the sentence is otherwise contrary to law.

{¶17} In order to impose consecutive sentences, a trial court must make findings listed in R.C. 2929.14(C)(4):

[T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is [(1)] necessary to protect the public from future crime or to punish the offender and [(2)] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} At sentencing the trial court engaged in a reasoned analysis of the factors necessary to impose consecutive sentences. The court went through appellant's rather lengthy criminal history as set forth in the presentence investigation report that was ordered when appellant was first sentenced in CR-586701. The court recognized that

appellant was 35 years old at the time of sentencing with a criminal history stretching back to 1993. The court found that appellant had at least a dozen cases ranging from minor misdemeanors to theft of a motor vehicle. Appellant had previously violated terms of community control at least six times. After going through appellant's history, including appellant's previous violations of community control imposed by the trial court, the court concluded:

> Bottom line, however, is that I did attempt to give you a chance and I placed you on probation on each of these cases in an effort to help you. And you went back and you repaid my attempt to help you by picking up a new felony case.
>
> Clearly you have an extensive criminal history. The age of the victims in this matter is disturbing to me that you had property that was taken from two elderly citizens of my county.
>
> You failed clearly to benefit from any services that have been offered to you. You violated probation with prior judges. I put you in the CBCF; you violated my probation. So clearly you have not benefitted from any efforts to rehabilitate you in the past * * *.

{¶19} After the court determined that the 12-month sentence in CR-586701 would run consecutive to the other sentence, it provided,

> [t]he Court does understand that in the state of Ohio concurrent terms are favored by the law, however, the judge does have discretion to impose consecutive sentences if a court finds it is necessary to protect and punish and not disproportionate.
>
> In this case given the defendant's extensive history and the fact that these offenses were committed while the defendant was on probation to me, the

Court finds that consecutive sentences are necessary to protect and punish and are not disproportionate to the conduct here.

As stated the crime was committed while the defendant was on probation for two cases, and the defendant's history shows that consecutive terms are necessary to protect the public.

**{¶20}** The trial court made the findings necessary for the imposition of consecutive sentences. It emphasized appellant's criminal history, the nature of the crimes, the age of the victims, appellant's failure to abide by the terms of community control in the past, and the need to protect the community from appellant. The court offered support for the findings and created a record at the sentencing hearing that justified the court's decision. The trial court also included the findings in its journal entry of sentence.

**{¶21}** Appellant also argues the court ignored the statutory criteria contained in R.C. 2929.13(E)(1) through (2) for a sanction imposed as a result of a positive drug test. However, appellant's violation of community control in CR-586701 was not the result of a positive drug test. Appellant was found to be in violation of his community control because he pled guilty to a felony charge of receiving stolen property.

**{¶22}** Appellant has not demonstrated that the consecutive sentencing findings are clearly and convincingly contrary to law. Therefore, the trial court did not err when imposing consecutive sentences. Appellant's third assignment of error is overruled.

### III. Conclusion

**{¶23}** Appellant was not subjected to cruel and unusual punishment when the court imposed a two-year prison sentence after appellant twice violated the terms of community control by being found guilty in a third case. Appellant's sentence does not shock the conscience of a reasonable person. Further, appellant's right to a trial by jury was not violated when the court decided to run two 12-months sentences consecutively. The decision to run sentences consecutive or concurrent based on findings made by the court does not violate the Sixth Amendment as recognized by the United States Supreme Court. Finally, appellant did not show that the trial court's findings supporting consecutive sentences were clearly and convincingly contrary to law.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
ANITA LASTER MAYS, J., CONCUR