[Cite as *State v. Jackson*, 2017-Ohio-7167.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104991**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD R. JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-601757-A, CR-16-603688-A, and CR-16-605053-A

**BEFORE:** McCormack, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 10, 2017

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Zachary M. Humphrey
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Edward R. Jackson appeals a judgment of the Cuyahoga County Court of Common Pleas that imposed consecutive sentences for Jackson's multiple burglary convictions. After a careful review of the record and applicable law, we affirm his consecutive sentences but remand the case for the trial court to incorporate into the journal entry the statutory findings it made at the sentencing hearing.

## Background

{¶2} In October 2015, Jackson trespassed into a Cleveland Clinic office and stole credit cards and other items from an employee's briefcase located underneath her desk. He later used the credit cards in several stores throughout Cleveland. In December 2015, he trespassed into a VA building and stole a Samsung Galaxy S6 cell phone and other items from the office of an employee. Jackson was caught when, two weeks later, he trespassed into Attorney Ian Friedman's law office and tried to steal from the purse of an employee there.

{¶3} Jackson pleaded guilty to burglary, F4, and identity fraud, F5, in the Cleveland Clinic case (CR-15-601757-A). He pleaded guilty to burglary, F3, in the VA case (CR-16-605053-A) and the law office burglary (CR-16-603688-A).

{¶4} The presentence investigation report revealed Jackson had an extensive criminal history. Over 44 years, he had 22 felony cases involving burglary and theft offenses, going back to a burglary he committed in 1973 when he was a juvenile.

**{¶5}** The trial court sentenced Jackson to three years in prison in the law office burglary and three years in the VA burglary, to run consecutively. The court also sentenced him to 18 months in the Cleveland Clinic case, to run concurrently to the other two cases.

**{¶6}** Jackson now appeals, raising the following assignment of error for our review: "The trial court imposed a sentence that is contrary to law and violated Mr. Jackson's right to due process when it imposed consecutive sentences without stating the requisite statutory finding on the record."

**Analysis**

**{¶7}** H.B. 86, enacted in 2011, revived a presumption of concurrent sentences. In order to impose consecutive sentences, the trial court must make findings set forth in R.C. 2929.14(C)(4) and incorporate those findings into the journal entry of sentence. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender," that such sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} Generally, when reviewing felony sentences, a reviewing court "may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, citing R.C. 2953.08(G)(2).

{¶9} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29, citing Crim.R. 32(A)(4). However, when making the findings, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. The trial court is not required to give a "talismanic incantation" of the words of the statute, provided the necessary findings can be found in the record. *Bonnell* at ¶ 37.

{¶10} The trial court, when imposing sentences on Jackson, placed great weight on Jackson's lengthy criminal history. The record reflects the trial court's remark that "[n]o

one needs a crystal ball to tell that you're never going to stop stealing other people's stuff.

You have going on five decades of criminal activity." The trial court specifically made the following findings for imposing consecutive sentences on two of the three cases:

> Lastly, I find that consecutive sentences are needed on Cases 605053 and 603688 as your criminal history shows that consecutive terms are *necessary to protect the public*. Six years on these two cases is *not disproportionate* to the amount of harm that you've caused. These were three separate burglary cases. People have a right to have a sense of security when they go to work. They are going to work, not for fun, not for pleasure, they are going to work to support their families, to support themselves, to make the community a better place. They should not have to worry about where they put their purse, where they put their phone, where they put anything.

> Mr. Jackson, you, through your 40-year history cannot — you've demonstrated you cannot stop taking other people's belongings. As a result, a six-year sentence is *necessary to protect the public*. It s not disproportionate to the harm here.

(Emphasis added.)

**{¶11}** While the trial court did not recite the R.C. 2929.14(C) statutory findings word for word, upon a review of the record, we are able to discern the court engaged in the correct analysis and can determine that the record contains evidence to support the findings. Regarding the first finding, the court specifically stated, twice, that Jackson's criminal history showed that consecutive sentences were necessary to protect the public.

**{¶12}** Regarding the second finding, although the court did not recite verbatim that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," we are able to discern the trial court engaged in the correct analysis. *Bonnell* at ¶ 29.

**{¶13}** The trial stated consecutive sentences were *not disproportionate to the amount of harm* caused by Jackson and further elaborated on the proportionality finding by observing that over a 40-year period of time, Jackson could not stop taking others' belongings. The court emphasized that people have a right to be free from a fear of their property being stolen while in their workplace. Although the statutory words "the seriousness of the offender's conduct" and "the danger the offender poses to the public" were not recited verbatim, the court's remarks, viewed in its entirety, reflects that it engaged in the appropriate analysis and placed the finding on the record. *See*, *e.g., State v. Blevins*, 8th Dist. Cuyahoga No. 105023, 2017-Ohio-4444, ¶ 25 (viewing the trial court's statements in their entirety, this court can discern the trial court found that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public); *State v. Amey*, 8th Dist. Cuyahoga Nos. 103000 and 103001, 2016-Ohio-1121, ¶ 16 (although the trial court only stated consecutive sentences "would not be disproportionate," this court was able to discern the required finding when viewing the trial court's remarks in their entirety).

**{¶14}** Finally, regarding the R.C. 2929.14(C)(4)(c) finding, the court specifically stated that "I find that consecutive sentences are needed on Cases 605053 and 603688 as your criminal history shows that consecutive terms are    necessary to protect the public."

**{¶15}** We may reverse Jackson's consecutive sentences if we clearly and convincingly find either that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. *Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002,

59 N.E.3d 1231, citing R.C. 2953.08(G). However, because we are able to discern that the trial court engaged in the correct analysis under R.C. 2929.14(C)(4) and determine that the record contains evidence regarding Jackson's lengthy and extensive criminal history to support the findings, we uphold Jackson's consecutive sentences. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. Jackson's assignment of error is without merit.

{¶16} Judgment affirmed; however, we remand the matter to the trial court for the court to issue a new sentencing journal entry, nunc pro tunc, to incorporate into the journal entry the statutory findings made by the trial court at the sentencing hearing. *State v. Holiday*, 8th Dist. Cuyahoga No. 105070, 2017-Ohio-4306, citing *Bonnell* at syllabus.[1]

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

---

[1]Upon remand, the trial court should also correct, nunc pro tunc, an error in the sentencing entry in CR-15-601757-A. At the sentencing hearing, the trial court imposed consecutive terms in CR-16-605053-A and CR-16-603688-A only, but the sentencing entry in CR-15-601757-A erroneously stated that the sentence in that case is consecutive to CR-16-695053-A and CR-16-603688-A.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR