[Cite as *State v. Osborn*, 2017-Ohio-8228.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105196

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TREVON A. OSBORN

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606185-A

**BEFORE:** McCormack, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 19, 2017

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Bldg., Ste. 1016
Cleveland, OH   44113-2098


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Anna Woods
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1}  Defendant-appellant Trevon A. Osborn appeals from his conviction following a guilty plea.   After a thorough review, we affirm.

I.   Procedural History

{¶2}  Osborn was charged in a 12-count indictment as follows:   Count 1 — aggravated burglary in violation of R.C. 2911.11(A)(1); Count 2 — aggravated burglary in violation of R.C. 2911.11(A)(2); Count 3 — aggravated robbery in violation of R.C. 2911.01(A)(1); Count 4 — grand theft in violation of R.C. 2913.02(A)(1); Count 5 — theft in violation of R.C. 2913.02(A)(1); Count 6 — kidnapping in violation of R.C. 2905.01(B)(2); Count 7 — aggravated robbery  in  violation  of  R.C. 2911.01(A)(1); Count 8 — kidnapping in violation of R.C. 2905.01(B)(2); Count 9 — aggravated robbery in violation of R.C. 2911.01(A)(1); Count 10 — kidnapping in violation of R.C. 2905.01(B)(2); Count 11 — improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); and Count 12 — impersonation of certain officers in violation of R.C. 2921.51(E).   All charges contained one- and three-year firearm specifications as well as a forfeiture specification.   The incident from which the charges stem involved three victims.

{¶3}  Osborn entered into a plea agreement, whereby he pleaded guilty to the charges contained in Counts 1 and 3 (and the three-year firearm specifications), Counts 4–6 (amended to delete the firearm specifications), Counts 7–9 (amended to delete the firearm specifications), and Counts 11 and 12 (amended to delete the firearm

specifications). Osborn also pleaded guilty to the forfeiture specification. The remaining charges and firearm specifications were nolled. The court accepted Osborn's plea and found him guilty. The court then referred Osborn for a presentence investigation report ("PSI") and scheduled the matter for sentencing.

{¶4} At the sentencing hearing, the parties agreed that Counts 3, 4, 5, and 6 merged, and Counts 7 and 8 merged. The state elected the defendant to be sentenced on Counts 3 and 7. The court then sentenced Osborn to three years in prison on the underlying offense in Count 1 as well as three years for that count's firearm specification; three years on the underlying offense in Count 3 as well as three years for that count's firearm specification; three years each on Counts 7, 9, and 12; and 18 months on Count 11. The court ordered the underlying offenses in Counts 1 and 3 to be served concurrently to each other but consecutively to the respective firearm specifications. The court also ordered the sentences in Counts 7 and 9 to be served consecutively, while Counts 11 and 12 would be served concurrently. The aggregate prison sentence is 15 years. The court then ordered the forfeiture of weapons and it waived all fines and costs.

## II. Assignments of Error

{¶5} Osborn now appeals, assigning five errors for our review. We will address several of the alleged errors together and out of order. The assignments of error are as follows:

I. Defendant was denied due process of law and equal protection of the law when he was sentenced to a maximum sentence for a third degree felony and a minimum sentence for a first degree felony.

II. Defendant was denied due process of law when the court imposed consecutive sentences based upon judicial factfinding which denied defendant his Sixth Amendment right.

III. Defendant was denied due process of law when the court imposed a consecutive sentence without making the proper necessary findings.

IV. Defendant was denied due process of law when the court accepted pleas of guilty to various offenses without determining that the defendant understood the nature of the offenses.

V. Defendant was denied due process of law and subjected to unconstitutional multiple punishments when he was sentenced consecutively on firearm specification[s].

### III. The Guilty Plea

{¶6} In his fourth assignment of error, Osborn contends that the court erred in accepting his guilty plea without determining that he understood the nature of the offenses.

{¶7} When a defendant enters a plea in a criminal case, "the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *Id.* The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding

whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

{¶8} Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea. *State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184, ¶ 5, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶9} The reviewing court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. Where the issue concerns a nonconstitutional requirement, such as whether the defendant understood the nature of the charges or the maximum penalties for the offenses, we review for substantial compliance. *See State v. Jordan*, 8th Dist. Cuyahoga No. 103813, 2016-Ohio-5709, ¶ 46, citing *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶10} Moreover, when a nonconstitutional aspect of a plea is at issue, a defendant must show prejudice before the plea will be vacated for a trial court's error involving the court's compliance with Crim.R. 11(C). *Jordan* at ¶ 47, citing *Veney* at ¶ 17. The test

for prejudice is whether the plea would have otherwise been made. *State v. Malenda*, 8th Dist. Cuyahoga Nos. 104736 and 104829, 2017-Ohio-5574, ¶ 5.

**{¶11}** Osborn alleges that "no determination was made that [he] fully understood the nature of the offenses." In support, he claims that he was not aware that he was pleading guilty to the three-year firearm specifications because of the numerous counts, multiple victims and "different versions of the same offense," and several one- and three-year specifications, and that because of this alleged confusion, the court should have made the determination. Thus, as Osborn contends, the court's failure to make such a determination denied him due process of the law.

**{¶12}** After a thorough review of the record, we find that the trial court did, in fact, find that Osborn understood the nature of the charges, and the record supports the court's determination.

**{¶13}** Here, after the parties put the plea agreement on the record, the court noted that the minimum sentence would be nine years due to the felony offenses and the firearm specifications involved, and Osborn indicated that he understood. The court specifically asked Osborn if he reviewed the indictment and understood "all those charges against [him], to which he replied, "Yes, your Honor." The court also asked Osborn if he was satisfied with the services of his attorney, and he replied that he was satisfied. The court encouraged Osborn to ask questions should he have any questions during the proceedings.

**{¶14}** Thereafter, the court engaged in a colloquy about the medication Osborn was taking:

| | |
|---|---|
| Court: | So you're on medication that helps [you]? |
| Osborn: | It helps me maintain. |
| Court: | Okay.   And you take that every day? |
| Osborn: | Yes, your Honor. |
| Court: | And how long have you been taking that? |
| Osborn: | I [have] been taking that since I was 12 or 13. |
| Court: | So that helps your mental health situation.   Right? |
| Osborn: | Yes, your Honor. |
| Court: | But does that affect your ability to understand what's happening in court today? |
| Osborn: | No, your Honor. |
| Court: | So do you, in fact, understand what is happening today? |
| Osborn: | Yes, your Honor. |

{¶15} The court then thoroughly reviewed the constitutional rights that Osborn was waiving and ensured that Osborn understood that he waived those rights by pleading guilty.   The court reviewed all of the charges to which Osborn agreed to plead guilty, including the three-year firearm specifications accompanying Counts 1 and 3, as well as the maximum penalties involved with each charge.

{¶16} Specifically regarding the firearm specifications, the court engaged in the following colloquy:

> Court: Now, since you're pleading guilty to a firearm specification — two firearm specifications — obviously you already know that prison is mandatory in this case.   But pleading guilty to two firearm specifications means that the three-year firearm

specifications must run consecutive to one another and to the underlying offense. So that means that you face a minimum, with just the firearm specification, on the underlying offense of 9 years in prison.

Osborn: Just the firearm specifications?

Court: Two firearm specifications that have to be run consecutive to each other. And then they run consecutive to the underlying offense, so the two firearm specifications together is 6 years. And then the underlying offense of Count 1, aggravated burglary, * * * the minimum is 3 years. So running consecutive to that, that adds years on so that makes it a minimum prison sentence of 9 years.

Osborn: I understand, your Honor.

Court: That's the minimum. However, if all of your counts are run consecutive to one another * * *, then you are looking at a maximum sentence of — do you know that number, [counsel]?

Prosecutor: * * * If everything were to run consecutive to each other with no merger, it would be 123 years. If the kidnapping and the robbery were to merge, he would be looking at a sentence of 90 years, your Honor.

Court: * * * Do you understand that?

Osborn: Yes, your Honor.

{¶17} During this exchange, the court repeatedly asked Osborn if he understood, to which he replied in the affirmative. The court continued to explain the other consequences of his plea, including court costs, mandatory fines, restitution, fees, and postrelease control. Osborn again stated that he understood.

{¶18} Finally, Osborn confirmed that no threats or promises were made in exchange for his plea. When asked if he understood that there is no promise of a

particular sentence, Osborn answered, "Yes." The court then accepted Osborn's guilty plea, satisfied that he "understands the nature of the charges, the effect of [the] plea, and the maximum penalties [that] may be imposed," and the court found Osborn's plea was made knowingly, intelligently, and voluntarily.

{¶19} In light of the above, we find that the trial court complied with Crim.R. 11 in ensuring that Osborn's plea was knowingly, voluntarily, and intelligently entered, and the record shows, that Osborn did, in fact, understand the nature of the charges and the implications of his plea. Osborn has failed to identify any part of the record that demonstrates otherwise. Moreover, Osborn fails to demonstrate how the court's alleged failure to determine that he understood the charges would have caused the plea to have otherwise been made.

{¶20} Osborn's fourth assignment of error is overruled.

IV. The Sentence

**{¶21}** In his remaining assignments of error, Osborn takes issue with several aspects of his sentence. He contends that the court improperly sentenced him to the maximum sentence for a third-degree felony while imposing a minimum sentence on the first-degree felony; the court failed to consider the purposes and principles of felony sentencing mandated by R.C. 2929.11 and 2929.12; the court's alleged improper considerations did not warrant consecutive sentences; the court failed to make the statutorily mandated consecutive sentence findings; and the court's imposition of consecutive firearm specifications resulted in unconstitutional multiple punishments for the same crime.

A. Standard of Review

**{¶22}** In reviewing felony sentences, we do not review the sentence for an abuse of discretion. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Rather, we may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings under R.C. 2929.14(C)(4) or the sentence is contrary to law. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 12, citing R.C. 2953.08(G)(2).

**{¶23}** A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set

forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. Additionally, the imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 66.

{¶24} A trial court has full discretion to impose any term of imprisonment within the statutory range, as long as it considers the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Ray*, 8th Dist. Cuyahoga No. 101142, 2014-Ohio-4689, ¶ 14, citing *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8. Therefore, a sentence imposed within the statutory range is "presumptively valid" if the court considered the applicable sentencing factors. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

B. Purposes and Principles of Sentencing and Judicial Factfinding

{¶25} In this case, Osborn does not dispute that he was sentenced within the statutory range for his offenses. He contends in his first assignment of error, however, that in imposing the maximum sentence for a third-degree felony (three years on Count 12, impersonation of certain officers) and a minimum sentence for a first-degree felony (three years each on the aggravated burglary and aggravated robbery charges in Counts 1, 3, 7, and 9), the court failed to properly consider the purposes and principles of felony

sentencing. Additionally, in his second assignment of error, he contends that the trial court violated his Sixth Amendment right to a jury trial when the court engaged in judicial factfinding. He argues that rather than basing his sentence on the statutorily mandated considerations, the court based his sentence on facts not alleged in the indictment or admitted by him at the time of his plea.

{¶26} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶27} The court that imposes a felony sentence has the discretion to determine the most effective way to comply with the purposes and principles of sentencing as outlined above. R.C. 2929.12(A); *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 10. In exercising this discretion, however, the sentencing court must consider a statutory list of factors regarding the seriousness of the offender's conduct and the likelihood of recidivism, as well as any other factors relevant to achieving these purposes and principles of sentencing. *See* R.C. 2929.12; *Switzer*.

**{¶28}** Although the trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52; *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17. Nor is the trial court required to explain its analysis of those factors. *Switzer* at ¶ 8. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10.

**{¶29}** Here, the court heard from Osborn, his counsel, and the state. Defense counsel urged the court to consider the fact that this case is Osborn's first conviction as an adult and his client was "not the main perpetrator." Osborn then offered an apology to the victims, stating that he "did wrong," he "wasn't thinking," and he made a mistake. The court then discussed with Osborn the facts of the case as summarized in the PSI:

> The victims told the police that they were in their bedroom when they heard loud banging on the front door. Two males yelled Cleveland police, open up and then proceeded to break down the front door. The males, one identified as Osborn, ran into the bedroom and hit [the victim] on the head * * * with a handgun and told him to get on the ground.
>
> One of the males put a pillow on the victim's head and said don't— using bad language — move or I'll kill you. The victim could hear the other male rummaging through his property before they exited the home. * * *

[T]he other victim said she ran into someone's room to hide and a male put a gun to her head and screamed do not open your eyes and do not open the covers or I'll shoot you. The defendants proceeded to fill garbage bags of items and place [the bags] in the back of their vehicle.

{¶30} The court noted that Osborn's actions were not "a mistake," rather, they resembled "a thought-out criminal plan to terrorize people." The court stated that in looking at Osborn's record as a juvenile, the record showed he had a prior burglary and a prior robbery, as well as charges of disorderly conduct, drug possession, and unauthorized use of a motor vehicle. The court noted that Osborn's conduct as an "active participant" in pretending to be a police officer, breaking down the door, and "terroriz[ing]" the victims "is so violent and reprehensible."

{¶31} The court then heard from the prosecutor, who provided a brief outline of the facts that the court had previously reviewed. Thereafter, prior to imposing sentence, the court stated that it reviewed the PSI and "all of the facts of what occurred," reiterating that it found Osborn's actions "extremely violent and reprehensible." The court noted that it considered all of the relevant seriousness and recidivism factors, and in assuring "that the public is protected from future crime and that [Osborn is] punished," the court found Osborn not amenable to community control and imposed a prison sentence.

{¶32} Based upon the foregoing, we find the trial court did, in fact, consider the principles and purposes of felony sentencing outlined in R.C. 2929.11 and the sentencing factors outlined in R.C. 2929.12 prior to sentencing. Although Osborn disagrees with the

trial court's imposition of a minimum prison sentence on his first-degree felony offenses while imposing the maximum prison sentence on his third-degree felony, we are mindful that trial courts have broad discretion in fashioning felony sentences. *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890 (O'Connor, C.J., concurring); *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 1 (8th Dist.) ("There is arguably nothing more unassailable than the trial court's discretion to fashion final sentences."). "The General Assembly has afforded judges great discretion in fashioning proper sentences, constrained only by guideposts that require the sentencing judge to consider certain factors that help determine the seriousness of the crime and the likelihood of recidivism." *Long* at ¶ 36, citing R.C. 2929.12. And in this case, the record demonstrates the trial court considered such guideposts.

{¶33} To the extent that Osborn disagrees with the court's consideration of the sentencing factors, how the court weighed the factors, or the type of sentence imposed, we have no jurisdiction for review. *See Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, at ¶ 12. The trial court has the "'discretion to determine the weight to assign a particular statutory factor.'" *Id.*, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793; *see also* R.C. 2929.12(A). And a defendant's disagreement with the trial court's discretion and the manner in which it weighed each factor does not make a sentence contrary to law. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 14; *State v. D.S.*, 10th Dist. Franklin No. 15AP-790, 2016-Ohio-2856, ¶ 15.

**{¶34}** We also find no impermissible judicial factfinding in this case. The Ohio Supreme Court has held that judicial factfinding necessary to impose consecutive sentences does not violate the Sixth Amendment. *State v. Ruvolo*, 8th Dist. Cuyahoga No. 102569, 2015-Ohio-5417, ¶ 13, citing *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768; *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶35}** Here, before imposing consecutive sentences, the trial court noted Osborn's juvenile record containing similar offenses and commented on the facts as summarized in Osborn's presentence investigation report. It found Osborn's conduct of breaking into a home while pretending to be a police officer, assaulting individuals in the home, and causing great fear to be "a horrendous violent crime," and therefore found consecutive sentences proper.

**{¶36}** First, the court may consider Osborn's prior record in determining an appropriate sentence without engaging in improper judicial factfinding. *State v. Lewis*, 8th Dist. Cuyahoga No. 102939, 2015-Ohio-5267, ¶ 29. Second, the court's comments regarding the facts of the incident that gave rise to the charges were gleaned from the presentence investigation report the court had ordered and reviewed prior to sentencing. The trial court may consider "any reliable evidence in the record" when sentencing a defendant, including a PSI. *State v. Holt*, 8th Dist. Cuyahoga No. 103772, 2016-Ohio-5246, ¶ 10, fn. 1, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 84582, 2005-Ohio- 3427, ¶ 12; R.C. 2929.19(B).

**{¶37}** We therefore find the trial court considered the appropriate statutory factors before sentencing Osborn. Further, we find the trial court did not engage in improper judicial factfinding. Osborn's first and second assignments of error are overruled.

## C. Consecutive Sentences

**{¶38}** In his third assignment of error, Osborn contends that the trial court failed to make the proper findings before imposing consecutive sentences. He also contends, in his fifth and final assignment of error, that the court subjected him to unconstitutional multiple punishments by ordering the firearm specifications to be served consecutively.

**{¶39}** In order to impose consecutive sentences, the trial court must make findings set forth in R.C. 2929.14(C)(4) and incorporate those findings into the journal entry of sentence. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. R.C. 2929.14(C)(4) provides that the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶40}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to determine that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29.

**{¶41}** We find in this case that the record demonstrates the trial court made the requisite R.C. 2929.14(C)(4) findings in support of consecutive sentences. Upon imposing sentence, the court stated as follows:

> I'm also advising you that a consecutive prison term is necessary to protect the community and punish you, the offender. And it's not disproportionate. And I find the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct and that your criminal history shows that a consecutive sentence is necessary to protect the public.
>
> First, as I've already placed on the record, you have a juvenile record of the same offenses, one of each, burglary and robbery. In addition to that, I find that this was a horrendous violent crime and that you broke into someone's

house pretending to be a police officer. Once in the home, you, with weapons, assaulted individuals in the home and caused great fear from what I've read through the presentence investigation report. Therefore, I find that a consecutive prison sentence is necessary to protect the public and to punish you, the offender.

**{¶42}** Although the trial court did not recite verbatim the second finding that consecutive sentences "would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public," the trial court is not required to give a "talismanic incantation" of the words of the statute, provided the necessary findings are found in the record. *Bonnell* at ¶ 37. When making the consecutive sentence findings, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

**{¶43}** Here, the court stressed the seriousness of the crime in articulating that two of the three given bases warranted its decision, where the statute requires only one of the findings under R.C. 2929.14(C)(4)(a)-(c). The court found that "the harm is so great or unusual that a single term does not adequately reflect the seriousness" of Osborn's conduct, under R.C. 2929.14(C)(4)(b), in addition to finding that Osborn's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by Osborn, the offender, under R.C. 2929.14(C)(4)(c).

**{¶44}** Additionally, the court emphasized the "horrendous" and "violent" nature of the crime whereby Osborn instilled great fear in his victims by invading their home in such a violent manner under the guise of being a police officer. The court's remarks, viewed in their entirety, reflect that the court engaged in the appropriate analysis and placed the finding on the record. *State v. Jackson*, 8th Dist. Cuyahoga No. 104991, 2017-Ohio-7167, ¶ 13; *State v. Amey*, 8th Dist. Cuyahoga Nos. 103000 and 103001, 2016-Ohio-1121, ¶ 16 (stating the court's finding that consecutive sentences "would not be disproportionate" complied with the statute when considering the court's additional remarks). We therefore can discern the trial court found that consecutive sentences are not disproportionate to the seriousness of Osborn's conduct and to the danger he poses to the public. *State v. Blevins*, 8th Dist. Cuyahoga No. 105023, 2017-Ohio-4444, ¶ 25.

**{¶45}** Osborn's third assignment of error is overruled.

**{¶46}** Osborn also contends that the court erred when it sentenced him to consecutive sentences for the two, three-year firearm specifications. He argues that because the same firearm was used in the same incident, the firearm specifications ought to have merged. This argument is without merit.

**{¶47}** Ordinarily, a trial court is prohibited from imposing more than one prison term for firearm specifications "associated with felonies 'committed as part of the same act or transaction.'" *State v. Nelson*, 8th Dist. Cuyahoga No. 104336, 2017-Ohio-5568, ¶ 81, citing R.C. 2929.14(B)(1)(b). The statute provides an exception, however, to this general rule:

If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section, [i.e. a specification of the type described in R.C. 2941.141, 2941.144, or 2941.145], in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

R.C. 2929.14(B)(1)(g).

{¶48} Pursuant to R.C. 2929.14(B)(1)(g), therefore, the trial court must impose prison terms for the two most serious specifications and it has discretion to impose a sentence for any other specification. *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 53 (8th Dist.), citing *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 41 (8th Dist.). And the multiple terms for the firearm specifications must be served consecutively:

"While the General Assembly did not include the word 'consecutive' in R.C. 2929.14(B)(1)(g), it nonetheless carved out an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed within a single transaction. The mandatory language of the statute ('the court shall impose') also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes, such as murder or felonious assault. Had the Legislature intended a per se rule that sentences for firearm specifications must be served concurrent with one another, it

could have stated as much. Or, the Legislature could have chosen not to codify R.C. 2929.14(B)(1)(g), which serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction."

*State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, ¶ 10, quoting *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 73.

**{¶49}** Here, Osborn pleaded guilty to two or more felonies, including one count of aggravated burglary and three counts of aggravated robbery. He also pleaded guilty to the three-year firearm specifications in violation of R.C. 2941.145(A) that accompanied Count 1, aggravated burglary, and Count 3, aggravated robbery. Under R.C. 2929.14(B)(1)(g), the court was therefore required to impose consecutive sentences on each of the firearm specifications. *Nelson* at ¶ 81; *Nitsche* at ¶ 53; *Vanderhorst* at ¶ 10. Thus, the trial court's imposition of consecutive three-year sentences on the firearm specifications was not improper.

**{¶50}** Osborn's fifth and final assignment of error is overruled.

**{¶51}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR