The STATE of Ohio, Appellee,

v.

WILEY, Appellant.

[Cite as State v. Wiley, 180 Ohio App.3d 475, 2009-Ohio-109.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 08CA5.

Decided Jan. 8, 2009.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Rose Vargo, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Melissa Prendergast, Assistant Public Defender, for appellant.

———————

KLINE, Presiding Judge.

{¶ 1} Latoya Wiley appeals her two-year prison sentence from the Pickaway County Common Pleas Court for illegally conveying drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2). On appeal, Wiley contends that the trial court erred when it considered its blanket policy of sending everyone who violates R.C. 2921.36(A)(2) to prison, instead of considering the proper sentencing statutes. Because, based on the record, we are left to guess as to whether the trial court properly considered one of the sentencing statutes, i.e., R.C. 2929.12, before it sentenced Wiley, we hold that Wiley's sentence is clearly and convincingly contrary to law. Accordingly, we vacate Wiley's sentence and remand this cause to the trial court for resentencing.

I

{¶ 2} Based on an anonymous tip, the Pickaway Correctional Institution began monitoring inmate Terron Hairston. Investigators soon uncovered a plot involving Wiley's attempt to smuggle drugs into the prison. Hairston told Wiley to drop the drugs in a dumpster during one of her visits. The investigators placed the dumpster under observation and saw Wiley drive up to it. They then watched as her passenger got out of the car and threw a bag into the dumpster. The officers recovered the bag from the dumpster and determined that it contained marijuana.

{¶ 3} A Pickaway County Grand Jury indicted Wiley for illegal conveyance of marijuana onto the grounds of a detention facility, a felony of the third degree, in violation of R.C. 2921.36(A)(2). Wiley entered a not guilty plea, and the case proceeded to a jury trial. The jury returned a verdict of guilty as charged.

{¶ 4} At sentencing, Wiley (through her counsel) informed the court that she did not have a prior criminal record and was a first-time offender. She requested a presentence investigation, which the court denied. However, before pronouncing sentence, the court afforded Wiley the opportunity to speak on her own behalf and present mitigating evidence. The court then imposed a two-year prison sentence.

{¶ 5} Wiley appeals her sentence and asserts the following two assignments of error: I. "The trial court's application of a blanket policy in sentencing Ms. Wiley

is an abuse of discretion and an impermissible infringement of her right to due process of law. II. The trial court violated Ms. Wiley's substantive due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it imposed more than the minimum sentence."

## II

{¶ 6} The gravamen of Wiley's argument is that the trial court erred when it imposed her sentence. Specifically, Wiley asserts that the court considered its personal blanket policy of sending everyone to prison for violating R.C. 2921.36(A)(2), instead of considering the proper sentencing statutes.

{¶ 7} We first set forth our standard of review. Appellate courts "apply a two-step approach [to review a sentence]. First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

{¶ 8} Here, after applying the first prong of the above two-step approach, we find that Wiley's sentence is clearly and convincingly contrary to law.

{¶ 9} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio eliminated mandatory judicial fact-finding prior to imposing maximum, nonminimum, or consecutive sentences in felony cases. Nevertheless, trial courts are still required to consider R.C. 2929.11, R.C. 2929.12, and any statute specific to that case. See, e.g., *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 13; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 10} Here, at the sentencing hearing, the trial court never mentioned R.C. 2929.11 or R.C. 2929.12. The judgment entry states that the trial court considered R.C. 2929.11, but it does not state that the court considered R.C. 2929.12.

{¶ 11} At the sentencing hearing, the court stated that it has been "this court's policy for thirteen years [that] people convicted of this offense go to prison." However, some of the court's statements seem to indicate that it might have considered some of the seriousness factors contained in R.C. 2929.12. The court concluded that because Wiley took her young child to the prison with her to deliver the drugs, and because she was delivering the drugs to a convicted murderer while incarcerated, her crime was serious.

{¶ 12} Although the record is devoid of any discussion of R.C. 2929.11, the judgment entry, which should reflect what occurred at the sentencing hearing,

states, "The Court finds that a prison term is consistent with the purposes and principles of sentencing under ORC Section 2929.11." It is silent as to the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶ 13} Therefore, based on the above record, we are left to guess whether the trial court properly considered R.C. 2929.12 prior to imposing the sentence. Consequently, we hold that Wiley's sentence is clearly and convincingly contrary to law. As a result, we do not need to consider the second prong of the above "two-step approach."

{¶ 14} Accordingly, we sustain the parts of Wiley's assignments of error that involve the court's failure to properly consider R.C. 2929.12. We find Wiley's remaining arguments moot. See App.R. 12(A)(1)(c). We vacate Wiley's sentence and remand this cause to the trial court for resentencing.

Judgment vacated
and cause remanded.

ABELE and MCFARLAND, JJ., concur.