[Cite as *State v. Henry*, 2012-Ohio-4857.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

STATE OF OHIO                    :
                                 :      Appellate Case No. 2012-CA-13
         Plaintiff-Appellee      :
                                 :      Trial Court Case No. 11-CR-250
v.                               :
                                 :
BRANDON S. HENRY                 :      (Criminal Appeal from
                                 :       Common Pleas Court)
         Defendant-Appellant     :
                                 :

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2012.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
         Attorney for Plaintiff-Appellee

LAUREN L. CLOUSE, Atty. Reg. #0084083, 423 Reading Road, Mason, Ohio 45040
         Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Brandon Steven Henry appeals from his twelve-month sentence for Breaking and Entering, in violation of R.C. 2911.13(B), a felony of the fifth degree. Henry contends that the trial court erred by imposing a maximum sentence because the sentence imposed was against the manifest weight of the evidence and was an abuse of discretion, and also because the trial court failed to consider the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶ 2}    In view of Henry's extensive prior criminal record, which includes six prior convictions for Theft, we conclude that the sentence imposed is neither against the manifest weight of the evidence, nor an abuse of discretion.   We further conclude that the presumption that the trial court considered the factors set forth in R.C. 2929.12 is not overcome by the record.   The judgment of the trial court is Affirmed.

## I.   The Offense

{¶ 3}    Henry, his uncle, and a third person, stole merchandise – two 40" LCD TV's and a printer – from a Super Wal-Mart store in Urbana.   Henry entered the store from the retail side, and his uncle entered it through the grocery.   They left through a delivery door, the hasp of which was cut. The third confederate assisted in loading the stolen merchandise in a vehicle.

{¶ 4}    Henry was ultimately charged by indictment with Breaking and Entering, in violation of R.C. 2911.13(B), a felony of the fifth degree; Theft, in violation of R.C. 2913.02(A)(1) and 2913.02(B)(2), a felony of the fifth degree; and Criminal Damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.

## II.   The Course of Proceedings

{¶ 5}    In due course, Henry pled guilty to Breaking and Entering, and the other two charges were dismissed.   A pre-sentence investigation was conducted, and the report was available to the trial court at sentencing.

{¶ 6}    Henry was sentenced to twelve months in prison – the maximum sentence – and was fined $100.   From his sentence, Henry appeals.

## III.   The Trial Court Did Not Abuse its Discretion in Imposing a
## Maximum Sentence; the Sentence Is Not Against the Manifest Weight

**of the Evidence; and the Presumption that the Trial Court Considered the Sentencing Factors**

**Set Forth in R.C. 2929.12 Is Not Overcome by this Record**

**{¶ 7}** Henry's sole assignment of error is as follows:

THE TRIAL COURT'S IMPOSITION OF A MAXIMUM SENTENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW BY NOT CONSIDERING THE FACTORS SET FORTH IN R.C. 2929.12.

**{¶ 8}** Henry contends that the trial court failed to consider the seriousness and recidivism factors set forth in R.C. 2929.12. In *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2011-Ohio-1288, ¶ 47-48, reversed on other grounds in *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937,we held that: " * * * where the record is silent, a presumption [exists] that the trial court considered the [R.C. 2929.12] factors," citing *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988).

**{¶ 9}** Henry cites *State v. Wiley*, 180 Ohio App.3d 475, 2009-Ohio-109, 905 N.E.2d 1273 (4th Dist.), for the contrary proposition that the record must affirmatively reflect that the trial court considered the factors set forth in R.C. 2929.12. We conclude that *Wiley* is distinguishable. In that case, the trial court had stated on the record "that it has been 'this court's policy for thirteen years [that] people convicted of this offense [illegally conveying drugs onto the grounds of a detention facility] go to prison.' " *Id.*¶ 11. The defendant in that case was a first-time offender. The trial court's announcement of a blanket sentencing policy overcame the presumption that it considered the recidivism and seriousness factors in R.C. 2929.12, and the State was no longer entitled to that presumption.

**{¶ 10}** Here, there is nothing in the record to suggest that the trial court did not consider the R.C. 2929.12 factors. Therefore, the State is entitled to the presumption that the trial court did consider those factors arising from a silent record.

**{¶ 11}** We conclude that the trial court did not abuse its discretion in imposing a maximum

sentence in this case. The pre-sentence investigation report, which the trial court considered, reflects one juvenile delinquency adjudication for Theft, with a commitment to the Department of Youth Services for six months, nine criminal convictions as an adult, including one conviction for Grand Theft Auto, three felony Theft convictions, and two misdemeanor Theft convictions. Prison sentences were imposed for some of Henry's felony convictions, including an eleven-month sentence for Theft, as a fifth-degree felony, and a ten-month sentence for Theft, as a fifth-degree felony. Thus, Henry has already had close-to-maximum prison sentences imposed for fifth-degree felonies. He has also been adjudicated to have violated the terms of his probation on two occasions. All of these criminal involvements have occurred since 2004, the date of his juvenile delinquency adjudication.

{¶ 12} The implications of this record for Henry's likelihood of recidivism are obvious.

{¶ 13} It is not clear upon what basis Henry argues that his sentence is against the manifest weight of the evidence. The trial court did indicate that its finding that Henry was not amenable to community control was based, in part because of pending charges in other counties, and "in part because of the information that [Henry] previously had a treatment program ordered." At the sentencing hearing Henry, himself, discussed charges pending against him in Mercer and Shelby counties, in which coordinated plea agreements were being discussed.

{¶ 14} The pre-sentence investigation report reflects that the disposition of a probation violation in October 2008 was: "Complete treatment program random drug screens." So there is a basis for the trial court's finding that Henry had previously had a treatment program ordered.

{¶ 15} We conclude that: (1) the presumption that the trial court considered the seriousness and recidivism factors set forth in R.C. 2929.12 was not overcome on this record; (2) the trial court did not abuse its discretion in imposing a maximum, twelve-month sentence; and (3) the sentence imposed is not against the manifest weight of the evidence. Henry's sole assignment of error is overruled.

## IV. Conclusion

{¶ 16}  Henry's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Nick A. Selvaggio
Lauren L. Clouse
Hon. Roger B. Wilson