[Cite as *State v. Rogers*, 2014-Ohio-4573.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100903

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIANNA ROGERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576556-A

**BEFORE:** Keough, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street, Second Floor
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Steven McIntosh
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In 2013, defendant-appellant, Brianna Rogers, was charged with two counts each of attempted murder, felonious assault, aggravated menacing, and improperly handling of firearms in a motor vehicle, and one count of discharge of a firearm on or near prohibited premises. The attempted murder and felonious assault charges also contained one-, three-, and five-year firearm specifications. Following discovery, Rogers agreed to plead guilty to two amended counts of felonious assault, two counts of aggravated menacing, one count of improperly handling of firearms in a motor vehicle, and the charge of discharge of a firearm on or near prohibited premises. All other counts were nolled. The court sentenced Rogers to five years in prison.

{¶2} Rogers appeals her sentence, raising as her sole assignment of error that the trial court erred by failing to consider the sentencing factors set forth in R.C. 2929.11 and 2929.12 prior to imposing sentence. We find no merit to the appeal and affirm the sentence.

{¶3} R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent

with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶4} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors contained in R.C. 2929.12, and additionally may consider any other factors relevant to achieving those purposes and principles of sentencing. R.C. 2929.12(A). "Although the trial court's consideration of these factors is mandatory, proof of that consideration is not — 'where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration of those statutes.'" *State v. Esner*, 8th Dist. Cuyahoga No. 90740, 2008-Ohio-6654, ¶ 10, quoting *State v. Kalish* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.[1]  *See also State v. Sims*, 6th

---

[1] In *Esner*, this court noted the opinion concurring in judgment only in *Kalish* that suggested *Adams* was "implicitly" overruled in *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793.  *Id.* at fn. 1.

> [In *Arnett*] the court wrote, "the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered the applicable [factors]."  This [judge] apparently believed that a reference to a "rote recitation" to the applicable factors somehow trumped the syllabus law in *Adams*. Given that the three members of the *Kalish* majority approved *Adams* and the three dissenting justices did not cite to *Adams*, we find no basis for concluding that *Adams* had been implicitly overruled in *Arnett*.

*Id.*

Dist. Sandusky No. S-13-037, 2014-Ohio-3515; *State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101. This presumption can be rebutted by an affirmative showing by the defendant. *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992).

**{¶5}** Rogers contends that the trial court did not consider R.C. 2929.11 or 2929.12 because the court (1) did not expressly state on the record that it considered these statutes and (2) imposed the five-year sentence "based on the way [she] looked at the judge." Rogers directs this court to a passage in the sentencing transcript where the trial court stated that part of the reasoning for the sentence was that Rogers had no genuine remorse, which was exhibited by her staring "daggers" at the trial judge. However, this limited passage dissected from the sentencing transcript does not mean that the trial court failed to consider the factors set forth in R.C. 2929.11 and 2929.12.

**{¶6}** In support of her argument that the court must expressly state it considered R.C. 2929.12 and 2929.11 on the record, Rogers cites to *State v. Wiley*, 180 Ohio App.3d 475, 2009-Ohio-109, 905 N.E.2d 1273 (4th Dist.). In *Wiley*, the court stated at sentencing that it had a "policy" that offenders who committed a certain offense "go to prison." Accordingly, while the trial court did not state on the record that it considered R.C. 2929.11 or 2929.12, the Fourth District determined that this "policy" coupled with the fact that the journal entry was silent as to consideration of R.C. 2929.12, left the reviewing court to guess whether the trial court properly considered the factors set forth in R.C. 2929.12.

**{¶7}** In Rogers's case, the trial court did not indicate that it had any preconceived policy that offenders such as Rogers would be sent to prison. Although the court did not expressly state on the record that it considered either R.C. 2929.11 or 2929.12, the court explained that the sentence was being imposed due to the lack of genuine remorse and the severity of the underlying facts of the case, which are both factors the court may consider in determining a proper sentence under R.C. 2929.12.

**{¶8}** Moreover, the trial court heard extensive mitigation arguments by defense counsel regarding possible provocation by one of the victims, and that neither of the victims were physically injured. The court also heard from the state regarding the facts surrounding the shooting and considered a victim impact statement from the mother of one of the victims. Furthermore, the court stated that it reviewed the presentence investigation report, which would contain information about Rogers's relative lack of criminal history.

**{¶9}** Accordingly, while the trial court did not expressly state on the record that it considered the seriousness and recidivism factors, sufficient information in the record exists for this court to conclude that the trial court considered the factors contained in R.C. 2929.12 in fashioning a sentence that complies with the purposes and principles of R.C. 2929.11. Accordingly, Rogers's assignment of error is overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR