[Cite as *State v. Jackson*, 2019-Ohio-1641.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 106948 and 106976**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAYMONT JACKSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-622468-B and CR-17-622977-A

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 2, 2019

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
75 Public Square Building, Suite 1016
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:     Gregory J. Ochocki
            Katherine Mullin
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Raymont Jackson ("Jackson") appeals his sentences, and asks this court to reverse the trial court's decision sentencing him to consecutive sentences in two separate cases.   We affirm the trial court's decision.

{¶2} In Cuyahoga C.P. No. CR-17-622468, Jackson pleaded guilty to burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1); felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); and having a weapon under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2).   Jackson was sentenced to three years in prison for burglary, three years in prison for felonious assault, and two years in prison for having a weapon while under disability.   The trial court determined that the sentences would be served concurrently for a total of three years, but consecutively to Jackson's three-year sentence in Cuyahoga C.P. No. CR-17-622977-A, where he pleaded guilty to robbery, a second-degree felony, in violation of R.C. 2911.02(A)(1), for a total prison sentence of six years.   Jackson filed two appeals from those two cases.   This court consolidated those appeals for disposition purposes.

I.    Facts

{¶3} The trial court held Jackson's sentencing hearing on February 22, 2018. During the hearing, Jackson's mental health concerns were discussed and addressed. His attorney stated that Jackson was on psychotropic medications.   (Tr. 30.)   Jackson indicated that he received a diagnosis and has been regularly taking his medication for his

mental health as prescribed. (Tr. 48.) The trial court indicated that it considered the statements made, the record, the presentence investigation report, the purposes and principles of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors pursuant to R.C. 2929.12 finding that a prison term was appropriate and that the offender is not amenable to community control sanctions. (Tr. 49.)

{¶4} After which, the trial court stated,

Mr. Jackson, the crimes that you committed in this case were very serious. In the one case it is alleged and you plead that you — that the person, the victim's car was hit by your car. The victim's window was shot out, and that you then entered the car and threw the victim to the ground, pointed a gun at someone's neck, and then took the purse, the cellphones, and the keys. At the time that you were apprehended, the purse, the credit card, the keys were in your possession.

In the other case it was going to someone's home and assaulting the individual and the individual was then robbed at that time.

Now, I heard the statements from you and from your attorney, and I have taken those things into consideration.

(Tr. 50.) The trial court then sentenced Jackson to three years in each case.

{¶5} Jackson filed this timely appeal assigning four errors for our review:

I.   Defendant was denied due process of law when the court imposed consecutive sentences based upon judicial fact- finding;

II.  Defendant was denied due process of law when the court sentenced defendant who had mental health issues without getting a determination concerning the competency of defendant; and

III. Defendant was denied due process of law when he was sentenced consecutively contrary to the presumption of concurrent sentences of the Ohio Statutory Law.

IV.  Defendant was denied due process of law when he was sentenced to

consecutive sentences by a rote presentation of the statutory factor and without any findings.

## II. Consecutive Sentences

**{¶6}** We will address Jackson's first, third, and fourth assignments of error together. Jackson argues that he was denied due process of law when the trial court sentenced him to consecutive sentences based upon improper judicial fact-finding, by a rote presentation of the statutory factors and without findings, and contrary to the presumption of concurrent sentences. Jackson also claims that the trial court failed to adequately consider R.C. 2929.12(B) in assessing the seriousness of his conduct.

> [W]e may disturb a felony sentence only if we clearly and convincingly find that either "the record does not support the sentencing court's findings" or "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23.

*State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 22.

**{¶7}** Therefore,

> [a] sentence is contrary to law if the sentence falls outside the statutory range or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g., State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10.

*State v. Jung*, 2018-Ohio-1514, 111 N.E.3d 54, ¶ 14 (8th Dist.).

**{¶8}** Jackson contends that the trial court engaged in impermissible judicial fact-finding when it sentenced him to consecutive sentences. However,

> [t]he Ohio Supreme Court has held that judicial factfinding necessary to impose consecutive sentences does not violate the Sixth Amendment.

> *State v. Ruvolo*, 8th Dist. Cuyahoga No. 102569, 2015-Ohio-5417, ¶ 13, citing *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

*State v. Osborn*, 8th Dist. Cuyahoga No. 105196, 2017-Ohio-8228, ¶ 34.

{¶9} Nevertheless, Jackson believes that his sentencing was based on the trial court making "findings of fact concerning matters to which defendant did not admit." (Appellant's brief, pg. 5). This assertion is unfounded. The record reveals that defense counsel stated,

> With regard to the 622977 case, I do believe that despite the charges he was originally charged with, this was a reasonable and just resolution in the case. He has denied at all times in speaking with me that he had a gun or used a gun in connection with that case. And I'm not here to try it, and, obviously, neither is the prosecutor, but according to my client, he — the victim's pimp owed money to him. There was a dispute between the two of them. He did take [the] car keys.
>
> He accepts responsibility for his actions, and he did plead to the robbery without any specifications, which I believe is what happened.

(Tr. 30-31.)

{¶10} Regarding the second case, defense counsel stated,

> the 622468 case, from the very beginning he told me that he, in fact, did punch the victim. The victim was knocked to the ground, lost consciousness for a brief period of time. He did not have a gun involved. Here, just so the Court has an understanding of his culpability in that case, Your Honor, I do have to explain a few of the facts, if the Court could bear with me.

(Tr. 31.) Defense counsel went on to explain the facts to the trial court as Jackson had explained them to him. Defense counsel requested that the trial court take everything into consideration before informing the court that Jackson's mother would like to speak.

(Tr. 32-33.)   After listening to Jackson's mother's recitation of his upbringing and mental health issues, the trial court addressed Jackson.

COURT:          Now, with everything that's been said so far today, clearly the charges that you plead to are appropriate because you robbed and you assaulted, correct?

DEFENDANT:    Yes, ma'am.

COURT:          All right.   And looking at your record, you have a pretty bad record.   How many times have you been to prison?

DEFENDANT:    Ma'am, I've been six, ma'am.

(Tr. 47.)

* * *

COURT:          All right.   Is there anything else you want me to know as to anything that happened during this time or anything you feel that is important that I should know before I sentence you?

DEFENDANT:    It's a lot, ma'am.   It's the whole lot.   Have mercy on me, ma'am.   That's all.

(Tr. 48-49.)

{¶11} In fact the court informed Jackson what would be considered before sentencing him.   The trial court stated,

Before imposing sentence this court will consider the record, the PSI, and any written or oral statements made to the [c]ourt today as is required by Revised Code Section 2929.19(B)(1).

Mr. Jackson, we're here to impose sentence in your case.   Before I determine what sentence to impose, I will allow you, your attorney, as well as the State of Ohio to address this court.   Before we get started, counsel, is there any reason we should not go forward at this time?

(Tr. 27-28.)   To which Jackson's attorney replied, "[n]o, Your Honor.   We're prepared."   (Tr. 28.)

{¶12} After a lengthy allocution, the trial court then stated,

[a]fter consideration of the record, the oral statements made today, looking at the presentence investigation report, the purposes and principles of sentencing under Ohio Revised Code Section 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, the [c]ourt finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 revised code, and find that the offender is not amenable to an available community control sanction.

Furthermore, the [c]ourt has considered the factors set forth in 2929.12 and finds that a prison term is commensurate with the seriousness of the defendant's conduct, his impact on the victim, that it's reasonably necessary to deter the defendant or to protect the public from future crime and would not place an unnecessary burden on government resources.

(Tr. 49-50.)

{¶13} In *State v. Gimenez*, 8th Dist. Cuyahoga No. 75854, 1999 Ohio App. LEXIS 4293 (Sept. 16, 1999), the defendant argued that the trial court's consideration of his intoxication was improper when it imposed his sentence after the alcohol specifications were removed from the indictment during the plea agreement.   This court found that "regardless of the removal of the DUI specifications from defendant's indictment, the trial court properly gave consideration to information contained in defendant's PSI prior to sentencing. This reflected that defendant was under the influence of alcohol at the time of the accident. The trial court did not err in considering defendant's intoxication when it imposed sentence."   *Id*. at 9.

**{¶14}** In this case, we find that the trial court properly considered all information before it. We also find that considering information that was not specifically pled to did not result in an improper judicial fact-finding. We find that it was proper to consider the entire record when imposing Jackson's sentence.

**{¶15}** Jackson also claims that the trial court failed to adequately consider R.C. 2929.12(B) in assessing the seriousness of his conduct. R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F). *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 32.

**{¶16}** It has also been determined by reviewing courts that,

> [a]lthough the trial court must consider both the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to use particular language or to make specific findings

on the record demonstrating its consideration of those purposes, principles and factors. *See, e.g., State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 11. Even where a trial court does not reference its consideration of R.C. 2929.12 at the sentencing hearing or in its sentencing journal entry, this court has held that it can be presumed that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12 unless the defendant affirmatively shows otherwise. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13 ("R.C. 2929.11 and 2929.12 are not fact-finding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary."); *see also State v. Rogers*, 8th Dist. Cuyahoga No. 100903, 2014-Ohio-4573, ¶ 4 (Although the trial court's consideration of these factors is mandatory, proof of that consideration is not — "'where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration of those statutes.'" * * * "'This presumption can be rebutted by an affirmative showing by the defendant.'"), quoting *State v. Esner*, 8th Dist. Cuyahoga No. 90740, 2008-Ohio-6654, ¶ 10, quoting *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4.

*Jung*, 2018-Ohio-1514, 111 N.E.3d 54, ¶ 16 (8th Dist.).

**{¶17}** A review of the record reveals that the trial court did consider R.C. 2929.12 during the sentencing hearing. The trial court specifically stated that "after consideration of * * * the seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, the Court finds that a prison term is consistent with * * * section 2929.11 revised code * * *." (Tr. 49.) Additionally, the journal entry reflects that the trial court "considered all required factors of law." As a result, we find that Jackson's sentence is not contrary to law.

**{¶18}** Jackson also contends that the trial court erred by sentencing him to consecutive sentences contrary to the presumption of concurrent sentences according to

the law. "Although a general presumption exists for the imposition of concurrent sentences, R.C. 2929.41(A) expressly recognizes certain exceptions, including when the record requires the imposition of consecutive sentences under R.C. 2929.14(C) for multiple offenses." *State v. Rice*, 8th Dist. Cuyahoga No. 102443, 2015-Ohio-3885, ¶ 9.

**{¶19}** R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶20}** During the sentencing hearing the trial court stated,

[i]n this case, based upon the defendant's record and the violent nature of the crime, the [c]ourt finds that a consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.

The [c]ourt further finds that there was multiple offenses in these cases as part of one or more courses of conduct, that the harm caused by the two or more of the multiple offenses so committed were great enough or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the defendant's conduct.

But most importantly the [c]ourt finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Tr. 51-52.)

**{¶21}** After review of the record, we find that the trial court made all of the required findings under R.C. 2929.14(C) to justify the imposition of consecutive sentences between the two cases. The trial court listened to defense counsel, Jackson's mother, and Jackson. The trial court reviewed the PSI report, considered all mitigation factors and summarized the facts. The trial court then incorporated the findings in its journal entry. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. We find that the trial court did not violate the presumption of concurrent sentencing when it sentenced Jackson.

**{¶22}** Jackson further argues that the trial court, at sentencing, imposed consecutive sentences without making any findings to support the sentencing.

A trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its

sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. A trial court is not required to state reasons to support its decision to impose consecutive sentences. *Id.* at ¶ 27. Further, in making the requisite findings, a word-for-word recitation of the statutory language is not required. *Id.* at ¶ 29. As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

*State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 37 (8th Dist.).

**{¶23}** The record reveals that the court considered those factors carefully and made the required findings under R.C. 2929.14(C) for imposing consecutive sentences on the record, stating as follows:

In this case, based upon the defendant's record and the violent nature of the crime, the [c]ourt finds that a consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. The [c]ourt further finds that there w[ere] multiple offenses in these cases as part of one or more courses of conduct, that the harm caused by the two or more of the multiple offenses so committed were great enough or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the defendant's conduct. But most importantly the [c]ourt finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Tr. 51-52.) The court also incorporated its findings in the journal entry.

**{¶24}** Jackson's first, third, and fourth assignments of error are overruled.

## III. Competency

**{¶25}** In Jackson's second assignment of error, he argues that the trial court sentenced him without a determination concerning his competency. An "appellate court

reviews a trial court's competency determination under an abuse of discretion standard; absent an abuse of discretion, competency determinations of the trial judge will not be disturbed on appeal." *State v. Grahek*, 8th Dist. Cuyahoga No. 81443, 2003-Ohio-2650, ¶ 22. "An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶26}** "A defendant is presumed to be competent to stand trial." R.C. 2945.37(G).

> "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St. 3d 354, 359, 650 N.E.2d 433 (1995). "The competency standard for pleading guilty is the same as competency to stand trial." *In re K.A.*, 8th Dist. Cuyahoga No. 104938, 2017-Ohio-6979, ¶ 11, citing *State v. Bolin*, 128 Ohio App.3d 58, 713 N.E.2d 1092 (8th Dist.1998). As such, an incompetent defendant may not agree to and enter a guilty plea. *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 17.

*State v. McNeir*, 8th Dist. Cuyahoga No. 105417, 2018-Ohio-91, ¶ 22.

**{¶27}** The issue of Jackson's competency was never raised, though his mental health issues were discussed at the plea and sentencing hearings.

> The court in *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986) held that "there is no question that where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory." *Id*. at 110. However, the court also held that "failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." *State v. Macon*, 8th Dist. Cuyahoga No. 96618, 2012-Ohio-1828, ¶ 35, citing *Bock*.

*State v. Harris*, 8th Dist. Cuyahoga No. 102124, 2015-Ohio-5409, ¶ 12.

**{¶28}** During the plea hearing, the trial court did not determine that Jackson was incompetent to plead guilty. Jackson indicated that he was taking psychotropic medication as prescribed. (Tr. 30.) He also indicated that he understood the nature of the proceedings and his constitutional rights. (Tr. 11-13.) Jackson indicated that he understood the criminal charges against him. (Tr. 13-16.) Jackson's counsel indicated that the trial court strictly complied with Crim.R. 11. (Tr. 18.) At no time was Jackson's competency challenged by Jackson or his counsel. At Jackson's sentencing hearing, Jackson's attorney did state that Jackson had a relationship with Connections, a provider of behavioral healthcare services. (Tr. 27.) Counsel also stated that he believed that Jackson's mental health background was important but that it doesn't excuse his record. (Tr. 29.) Counsel also stated,

> He is on medication now. He's been on medication since I became involved in representing him. He's always been polite. He's well-mannered. He's reasonable. I don't know what he was like without his medication, but there clearly has to be a huge difference when he is on the psychotropic medications.

(Tr. 29-30.) Although Jackson struggled with drug addiction, Jackson's attorney stated that Jackson was capable of "holding down a job." (Tr. 30.)

> A defendant is presumed to be competent and has the burden of proving his incompetency by a preponderance of the evidence. *State v. Williams*, 23 Ohio St.3d 16, 28, 490 N.E.2d 906 (1986). A defendant is incompetent if he "is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense." R.C. 2945.37(G).

*McNeir* at ¶ 23.

**{¶29}** We have previously stated that the issue of competency was never raised before Jackson's plea hearing. We find that Jackson has not demonstrated and the record does not reflect that he was incompetent or incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. Therefore, we conclude that the trial court was not required to hold a competency hearing and make a formal competency determination under R.C. 2945.37. Jackson's second assignment of error is overruled.

**{¶30}** Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY
WITH SEPARATE OPINION


EILEEN T. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶31}** I write separately to address arguments posed in Jackson's first assignment of error. In addition to challenging the trial court's judicial fact-finding, Jackson further argues in his first assignment of error that the trial court failed to adequately consider R.C. 2929.12(B) in assessing the seriousness of his crimes. For the purposes of clarity, I deem it necessary to resolve this alleged sentencing error.

**{¶32}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings or the sentence is otherwise "contrary to law."

**{¶33}** A sentence is not contrary to law if the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the applicable statutory range. *State v. Lenard*, 8th Dist. Cuyahoga No. 105998, 2018-Ohio-3365, ¶ 79, citing *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**{¶34}** R.C. 2929.12 provides a nonexhaustive list of factors that the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any

remorse, and (4) any other relevant factors." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D).

**{¶35}** Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. A trial court's general statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *Id.*, citing *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4. And because courts have full discretion to impose sentences within the statutory range, a sentence imposed within the statutory range is "presumptively valid" if the court considered the applicable sentencing factors. *Id.*, citing *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶36}** Contrary to Jackson's position on appeal, the record reflects that the trial court imposed individual prison terms within the applicable statutory ranges and considered the relevant factors set forth under R.C. 2929.12. Here, the trial court expressly stated during the sentencing hearing that it considered "the seriousness and recidivism factors relevant to the offense and offender pursuant to [R.C.] 2929.12." In addition, the trial court reiterated in its sentencing journal entry that it had "considered all

required factors of the law." Under these circumstances, I would find the court complied with the requirements of R.C. 2929.12.

{¶37} To the extent Jackson disagrees with the court's consideration of the sentencing factors, this court has held that *Marcum* does not permit appellate courts to independently weigh the sentencing factors in R.C. 2929.12. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 14; *see also State v. D.S.*, 10th Dist. Franklin No. 15AP-790, 2016-Ohio-2856, ¶ 15. For these reasons, I would overrule Jackson's first assignment of error.

{¶38} I also write separately to address the second assignment of error and whether the trial court erred, as Jackson contends, by failing to make a competency determination in this case. The majority concludes that Jackson has not demonstrated that he was incompetent. While I agree with this conclusion, the lead decision does not resolve the issue of whether the trial court was required to hold a hearing and make a competency determination before accepting Jackson's plea and proceeding with sentencing.

{¶39} The Ohio Supreme Court has stated that "there is no question that where the issue of the defendant's competency to stand trial is raised prior to trial, a competency hearing is mandatory." *State v. Bock*, 28 Ohio St.3d 108, 109, 502 N.E.2d 1016 (1986); *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 64 ("R.C. 2945.37 requires a competency hearing if a request is made before trial."). However, the court further held that "the failure to hold a mandatory competency hearing is a harmless error where the record fails to reveal sufficient indicia of incompetency." *Bock* at 110.

**{¶40}** Applying *Bock*, this court has determined that a trial court errs by accepting a guilty plea without first holding a competency hearing and making a competency determination if the issue of competency is raised before the plea hearing and "'there are sufficient indicia of incompetency to call into doubt the defendant's competency to stand trial.'" *State v. Miller*, 8th Dist. Cuyahoga No. 104721, 2017-Ohio-7091, ¶ 13, quoting *State v. Were*, 94 Ohio St.3d 173, 175, 2002-Ohio-481, 761 N.E.2d 591; *see also State v. Flanagan*, 2017-Ohio-955, 86 N.E.3d 681 (8th Dist.) (reversing the defendant's conviction because the trial court failed to hold a competency hearing before accepting the defendant's guilty plea.). After careful consideration, I would find this case to be distinguishable from the circumstances presented in *Miller* and *Flanagan*. Unlike the facts of *Miller* and *Flanagan*, there is no indication in this case that issues concerning Jackson's competency were raised before the plea hearing; nor does the record reveal sufficient "indicia of incompetency."

**{¶41}** Accordingly, I would conclude that the trial court was not required to hold a competency hearing and make a formal competency determination under R.C. 2945.37. I would overrule Jackson's second assignment of error.