[Cite as *State v. Evers*, 2021-Ohio-4227.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-610 |
| | : | |
| DANIEL EVERS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of December, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JEFFREY R. MCQUISTON, Atty. Reg. No. 0027605, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Daniel Evers appeals from his conviction following a guilty plea to aggravated possession of drugs. For the reasons set forth below, we affirm.

## I. Facts and Course of the Proceedings

{¶ 2} On October 26, 2020, a Clark County grand jury returned an indictment charging Evers with one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree. The charge arose after a deputy sheriff made a traffic stop of a vehicle in which Evers was a passenger and discovered that Evers had an active arrest warrant. As Evers exited the vehicle, the deputy observed a meth pipe between where Evers had been sitting and the center console. During a search incident to arrest, the deputy found a baggie in Evers's pocket containing what was later determined to be 4.45 grams of methamphetamine.

{¶ 3} On March 23, 2021, Evers appeared for a plea hearing. The parties advised the trial court that they had arrived at an agreement whereby Evers would plead guilty to the indicted charge and, in exchange, the State would dismiss a separate case in which Evers had been charged with felony failure to comply. The State also recommended community control sanctions with attendant drug treatment. Following an appropriate Crim.R. 11 plea colloquy, the trial court accepted Evers's guilty plea. The trial court ordered a presentence investigation (PSI) report and set a date for sentencing.

{¶ 4} The sentencing hearing was conducted on April 7, 2021. During the hearing, the trial court reviewed the PSI and noted that Evers had a "pretty lengthy

criminal record." Evers's criminal record dated back to 1997 when he was convicted of operating a vehicle while under the influence. In 1998, Evers was convicted of possession of cocaine, and in 2002, he was convicted of operating a vehicle without a license. He was also convicted of driving under a suspension six times in a span of 15 years. Evers was convicted of aggravated possession of drugs in 2016 and receiving stolen property in 2018. Finally, he was convicted of the instant felony offense and indicted on the dismissed charge of felony failure to comply. After reviewing the PSI on the record, the trial court stated, "I noticed in looking at the disposition on all of these cases, that, miraculously, you have not served one day in jail." The court later stated, "Your luck is going to run out today, Mr. Evers." The court proceeded to sentence Evers to a prison term of 30 months

{¶ 5} Evers appeals.

## II.      Analysis

{¶ 6} Evers's sole assignment of error states the following:

APPELLANT'S SENTENCE OF 30 MONTHS INCARCERATION IS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD[1]

{¶ 7} Evers asserts that the trial court erred in sentencing.

{¶ 8} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. That statute provides an appellate court may increase, reduce, or otherwise modify

---

[1] Evers's appellate brief fails to conform to App.R. 19(A), as it is single-spaced. Thus, counsel is admonished to comply with the Rules of Appellate Procedure in future filings.

a sentence, or vacate a sentence and remand for resentencing, if it clearly and convincingly that the record does not support the sentencing court's findings under certain statutory provisions not at issue in this case or that the sentence is otherwise contrary to law.

{¶ 9} Evers first claims the sentence is contrary to law because the trial court did not consider the purposes of felony sentencing as set forth in R.C. 2929.11 or the seriousness and recidivism factors of R.C. 2929.12. In support, he cites *State v. Wiley*, 180 Ohio App.3d 475, 2009-Ohio-109, 905 N.E.2d 1273, ¶ 13 (4th Dist.), in which the court of appeals held a defendant's sentence was "clearly and convincingly contrary to law" because the trial court failed to properly consider R.C. 2929.12.

{¶ 10} However, since *Wiley* was decided, the Ohio Supreme Court has decided *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. In that case, the Court noted that R.C. 2953.08(G)(2)(a) allows modification or vacation of a sentence if an appellate court clearly and convincingly determines the record does not support the sentencing court's findings under certain specific statutory provisions. *Jones* at ¶ 28. The Court went on to state that "R.C. 2929.11 and R.C. 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* Thus, the Court concluded that R.C. 2953.08(G)(2)(a) does not allow the modification or vacation of a sentence on the basis that it is not supported under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 29.

{¶ 11} *Jones* also noted that an appellate court may modify or vacate a sentence if it is "otherwise contrary to law." *Id.* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). "But the Supreme Court ruled that an appellate court may not vacate or modify a sentence based upon the conclusion the sentence is contrary to law because it 'is not supported under

R.C. 2929.11 and R.C. 2929.12.' " *State v. Kelly*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 87, quoting *Jones* at ¶ 39.

{¶ 12} Evers entered a guilty plea, which the trial court accepted after finding it was made in accordance with Crim.R. 11. At the sentencing hearing, the judge heard from the prosecutor on behalf of the State, from defense counsel on behalf of Evers, and from Evers. The court also noted that it had considered the record and the PSI. The record reflects that the trial court gave due consideration to the relevant statutory factors. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. In addition, Evers's sentence of 30 months in prison was within the statutory range for a third-degree felony offense. R.C. 2929.14(A)(3)(b). Also, the record reveals that the trial court properly advised Evers regarding post-release control. Accordingly, we conclude Evers's sentence is not contrary to law.

{¶ 13} Evers next asserts that the trial court "impermissibly imposed a harsher sentence based upon its interpretation that [Evers] had received more lenient sentences for past convictions. Given the fact that the court did not preside over the prior convictions, it had no basis for determining that [Evers] received inappropriately lenient sentences." In support, he cites the above-quoted passages from the sentencing hearing.

{¶ 14} We have reviewed the record and cannot agree with Evers's assertion. Nothing in the transcript leads us to conclude that the trial court was opining as to the propriety of any of the prior sanctions imposed or that the court's sentence was improperly based upon its surmised finding of leniency regarding any of the prior sentences.

Indeed, a reading of the entire transcript demonstrates that the trial court was merely noting that Evers had a lengthy criminal history, but had never been sentenced to a term of incarceration despite having at least one prior felony. In our view, the court was addressing the recidivism factors of R.C. 2929.12(D) by noting Evers had not been rehabilitated and had "not responded favorably to previously imposed criminal sanctions." R.C. 2929.12(D)(3). Thus, we find nothing that would lead us to conclude the trial court acted improperly.

{¶ 15} The sole assignment of error is overruled.

### III. Conclusion

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Jeffrey R. McQuiston
Hon. Douglas M. Rastatter